IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**CHARLES L. TINGLER,**

    **Plaintiff,**

                                        Case No. 2:23-cv-1525
                                        Judge Edmund A. Sargus, Jr.
    v.                                  Magistrate Judge Elizabeth P. Deavers

**ROCKY NELSON,** *et al.***,**

    **Defendants.**

## ORDER AND INITIAL SCREEN REPORT AND RECOMMENDATION

Plaintiff Charles L. Tingler's request for leave to proceed *in forma pauperis* under 28 U.S.C. § 1915(a)(1) and (2) is **GRANTED**.  (ECF No. 1.)  It is **ORDERED** that Plaintiff be allowed to prosecute his action without prepayment of fees or costs and that judicial officers who render services in this action shall do so as if the costs had been prepaid.

This matter is also before the Court for an initial screen of Plaintiff's Complaint under 28 U.S.C. §§ 1915(e)(2), 1915A to identify cognizable claims and to recommend dismissal of Plaintiff's Complaint, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. §§ 1915(e)(2), 1915A.  Having performed the initial screen of the Complaint required by 28 U.S.C. §§ 1915(e), 1915A, for the reasons that follow, it is **RECOMMENDED** that Plaintiff's Complaint be **DISMISSED** in its entirety.

I.

Congress enacted 28 U.S.C. § 1915, the federal *in forma pauperis* statute, seeking to "lower judicial access barriers to the indigent." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). In doing so, however, "Congress recognized that 'a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.'" *Id*. at 31 (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). To address this concern, Congress included subsection (e)[1] as part of the statute, which provides in pertinent part:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--
>
> \* \* \*
>
> (B) the action or appeal--
>
> (i) is frivolous or malicious;
>
> (ii) fails to state a claim on which relief may be granted; or . . . .

28 U.S.C. § 1915(e)(2)(B)(i) & (ii); *Denton*, 504 U.S. at 31. Thus, § 1915(e) requires *sua sponte* dismissal of an action upon the Court's determination that the action is frivolous or malicious, or upon determination that the action fails to state a claim upon which relief may be granted.

To properly state a claim upon which relief may be granted, a plaintiff must satisfy the basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a). *See also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Federal Rule of Civil Procedure 12(b)(6) standards to review under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii)). Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the

---

[1] Formerly 28 U.S.C. § 1915(d).

pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Thus, Rule 8(a) "imposes legal *and* factual demands on the authors of complaints." *16630 Southfield Ltd., P'Ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

Although this pleading standard does not require "'detailed factual allegations,' . . . [a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A complaint will not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Instead, to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Id*. (quoting *Twombly*, 550 U.S. at 570). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *Flagstar Bank*, 727 F.3d at 504 (citations omitted). Further, the Court holds *pro se* ain complaints "'to less stringent standards than formal pleadings drafted by lawyers.'" *Garrett v. Belmont Cnty. Sheriff's Dep't.*, No. 08-3978, 2010 WL 1252923, at *2 (6th Cir. April 1, 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). This lenient treatment, however, has limits; "'courts should not have to guess at the nature of the claim asserted.'" *Frengler v. Gen. Motors*, 482 F. App'x 975, 976–77 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).

3

## II.

Since at least 2018, Plaintiff has filed several complaints and grievances to the Ohio Organized Crime Investigations Committee (the "OOCIC") and the Ohio Office of Disciplinary Counsel (the "ODC") about various public officials, lawyers, and judges throughout Ohio, many of which ultimately were denied.  (*See generally* ECF No. 1-1 at PAGEID ## 16-74.)  Plaintiff now alleges that Defendants[1] "arbitrarily dismiss[ed] [Plaintiff's] complaints and grievances . . . as a form of retaliation against [Plaintiff] because [Plaintiff] [has] filed complaints against them, reported criminal activity to law enforcement against them, and filed civil litigation against them."  (ECF No. 1-1 at PAGEID # 10.)

Plaintiff brings his action under the First and Fourteenth Amendments of the United States Constitution, and seeks the following relief:

> I would like the court to issue an injunction against the Defendant Rocky Nelson compelling him to reopen the previous dismissed complaints, present them to the commission, establish a task force, conduct a criminal investigation, and criminally charge or seek criminal charges against all the alleged suspects in the complaints. I would also like an additional order requiring monetary damages against Defendant Rocky Nelson in the amount of $1,000,000, and for an additional order prohibiting Rocky Nelson and the Commission from further retaliatory actions by arbitrarily dismissing my complaints.
>
> I would like the Court to issue an injunction against Defendants Amy Stone and Joseph Caligiuri compelling them to reopen the previous dismissed grievances, conduct a thorough investigation, and file a complaint with the Ohio Board of Professional Conduct against all the alleged attorneys and judges found to be in violation of the respective codes of conduct. I would also like an additional order prohibiting Defendants from further retaliatory actions by arbitrarily dismissing my grievances.

(*Id.* at PAGEID # 14.)

---

[1] Plaintiff names three Defendants:  (1) Rocky Nelson, Executive Director of the OOCIC; (2) Amy Stone, Assistant Disciplinary Counsel at the ODC; and (3) Joseph Caligiuri, Disciplinary Counsel at the ODC.  (ECF No. 1-1 at PAGEID ## 7-8.)  Plaintiff purports to assert claims against each Defendant in their individual capacities.  (*Id.*)

Plaintiff has failed to state a claim upon which relief may be granted.  As a preliminary matter, Plaintiff's request for relief makes clear that Plaintiff believes he has a constitutional right to have the subjects of his complaints and grievances not only investigated, but also formally disciplined and/or criminally prosecuted.  (*Id.*)  But it is well established that "Plaintiff has no constitutional right to have another person prosecuted for an offense," nor does Plaintiff have the right to force the ODC to impose any disciplinary action on another person. *Christensen v. Wiseman*, No. 1:11-cv-1837, 2011 WL 4376099, at *8 (N.D. Ohio Sept. 20, 2011) (citing *Howard ex rel. Estate of Howard v. Bayes*, 457 F.3d 568, 575 (6th Cir. 2006)); *Novel v. Zapor*, No. 2:14-CV-264, 2015 WL 12734021, at *6 (S.D. Ohio Mar. 11, 2015) ("The Sixth Circuit has held that the [ODC's] failure to discipline the complainant's opposing counsel does not violate any federal right held by the complainant.") (collecting cases); *see also Saier v. State Bar of Mich.*, 293 F.2d 756, 761 (6th Cir. 1961) ("We conclude that the right to require the State Bar to process appellant's request for an investigation of certain lawyers is not a right guaranteed by the Federal Constitution.").  Most of the relief Plaintiff seeks in this case is therefore unavailable as a matter of law.  *Martin v. Koljonen*, 89 F. App'x 567, 568 (6th Cir. 2004) ("Private citizens . . . simply cannot compel a criminal investigation or prosecution against another.") (collecting cases).

Additionally, the Undersigned notes that Plaintiff's Complaint fails to contain any plausible claims against Defendant Nelson (the Executive Director of the OOCIC) or Defendant Caligiuri (the Ohio Disciplinary Counsel).  (*See* ECF No. 1-1 at PAGEID ## 11-13.)  Instead, Plaintiff merely claims that they "have been arbitrarily dismissing [Plaintiff's] complaints and grievances . . . as a form of retaliation."  (*Id.*)  This conclusory allegation is not enough, especially given the nearly-sixty (60) pages of attached documents which Plaintiff submitted in

support of his Complaint. (*See* ECF No. 1-1 at PAGEID ## 16-74.) Included in these documents are thirty-six (36) letters from Defendant Stone (not Defendant Caligiuri) to Plaintiff explaining why she dismissed Plaintiff's various grievances, as well as six (6) letters from Defendant Nelson to Plaintiff explaining that the OOCIC had received Plaintiff's complaints and was in the process of reviewing them, and that Plaintiff "will not be informed if a task force was formed as a result of [Plaintiff's] submission." (*Id.*)

Considering these documents, the Undersigned finds that they only undermine, and do not add any factual enhancement or support to, Plaintiff's conclusory claims against Defendants Nelson or Caligiuri. *Hogan v. Lucas*, No. 20-4260, 2022 WL 2118213, at *3 n.2 (6th Cir. May 20, 2022) ("Because the documents attached to Hogan's complaint are referenced in the complaint and central to the claims contained therein, they were properly considered at the § 1915(e)(2) stage.") (internal quotation marks omitted) (citations omitted). First, Plaintiff's entire claim against Defendant Nelson is that he "arbitrarily dismiss[ed]" Plaintiff's grievances, but there is no further information about such dismissals. In fact, the only available information in Plaintiff's filing confirms the opposite – that Defendant Nelson has *not* dismissed any of Plaintiff's grievances. Plaintiff's conclusory allegations are therefore insufficient, as there are simply not "enough facts [in the Complaint] to state a claim to relief that is plausible on its face" regarding Defendant Nelson. *See Brown v. Erdos*, No. 1:22-CV-239, 2022 WL 18356166, at *6-7 (S.D. Ohio July 13, 2022), *report and recommendation adopted as modified sub nom. Brown v. Mahlman*, No. 1:22-CV-00239, 2022 WL 17817615 (S.D. Ohio Dec. 19, 2022) (citing *Twombly*, 550 U.S. at 750; *Iqbal*, 556 U.S. at 678; *Riddle v. Rivard*, No. 14-11092, 2015 WL 74822, at *2 (E.D. Mich. Jan. 6, 2015 (dismissing vague claim that an officer physically assaulted plaintiff as insufficient under § 1983 because "conclusory allegations without material supporting facts are

6

insufficient to state a claim")). The same goes for Defendant Caligiuri, as Plaintiff has failed to provide *any* specific allegation or information (either in the Complaint or in the attached documents) regarding Defendant Caligiuri. Accordingly, Plaintiff's claims against both Defendant Nelson and Defendant Caligiuri must be dismissed.[2] *Allah v. Smith*, No. 2:22-CV-21, 2022 WL 394374, at *4 (S.D. Ohio Feb. 9, 2022) ("Where a person is named as a defendant without an allegation of specific conduct, the complaint is subject to dismissal, even under the liberal construction afforded to *pro se* complaints.") (citing *Catanzaro v. Harry*, 848 F. Supp. 2d 780, 791 (W.D. Mich. 2012)).

But even if, *arguendo*, the Undersigned construed Plaintiff's Complaint in such a manner as to identify supporting facts for Plaintiff's conclusory allegations against Defendants Nelson and Caligiuri, the Complaint still would fail to state a retaliation claim against any of the Defendants. To sustain such a claim, Plaintiff must allege that (1) he was participating in a constitutionally protected activity; (2) Defendants' actions injured Plaintiff in a way likely to chill a person of ordinary firmness from further participation in that activity; and (3) in part, Plaintiff's constitutionally protected activity motivated Defendants' adverse actions. *Ctr. for Bio-Ethical Reform, Inc. v. City of Springboro*, 477 F.3d 807, 821 (6th Cir. 2007) ("[A] plaintiff must show that (1) he was participating in a constitutionally protected activity; (2) defendant's action injured plaintiff in a way 'likely [to] chill a person of ordinary firmness from' further participation in that activity; and (3) in part, plaintiff's constitutionally protected activity motivated defendant's adverse action.") (citations omitted). First, Plaintiff contends that he "constitutional right to petition the government for a redress of grievances." (ECF No. 1-1 at

---

[2] Given this finding, the Undersigned needs not to examine whether Defendant Nelson was immune from Plaintiff's damages claim.

PAGEID # 10.)  Of course, Plaintiff is afforded this right by the First Amendment – even if, as discussed above, the Constitution does not provide Plaintiff with the right to have another person investigated or prosecuted.  *See* U.S. Const. amend. I.

But Plaintiff's retaliation claim ends there, as Plaintiff has failed to sufficiently allege that Defendants' actions injured him in such a way likely to chill a person of ordinary firmness from further participation in that activity, or that Defendants' actions were motivated by Plaintiff's constitutionally protected activity.  On these points, Plaintiff's Complaint merely rests on the conclusory allegation that Defendants "arbitrarily dismiss[ed]" his complaints.  (ECF No. 1-1 at PAGEID # 10.)  Again, this amounts to nothing more than conjecture, which is not only unsupported in Plaintiff's filing but, in fact, conclusively undermined by the documents attached to the Complaint.

For example, as referenced above, Plaintiff attached thirty-six (36) letters from Defendant Stone which detail why she dismissed Plaintiff's various grievances.  (*Id.* at PAGEID ## 17-62.) Each of these letters sets forth specific reasons for the dismissals, explanations for why Plaintiff's grievances were misplaced, and even (where applicable) suggestions of alternative avenues for Plaintiff to pursue his grievances – a far cry from actions which would chill a person of ordinary firmness from continuing to file grievances.[3]  (*Id.*)  Just as significantly, each of letters also confirms that Defendant Stone's actions were limited to the factual circumstances of each grievance, and not (as Plaintiff theorizes) because Plaintiff had "filed complaints against

---

[3] In his own summary of Defendant Stone's actions, Plaintiff affirmatively concedes that Defendant Stone had considerable discretion in responding to Plaintiff's grievances.  (*Id.* at PAGEID # 12.)  It is here when Plaintiff reveals his true legal theory, as he alleges that Defendant "abus[ed] [her] discretion" by not resolving Plaintiff's grievances as Plaintiff had hoped.  (*Id.*)  Needless to say, mere disagreement with Defendant Stone's exercise of discretion cannot serve as the basis for Plaintiff's claim – especially in the absence of any other facts supporting Plaintiff's theory of retaliation.

[Defendants], reported criminal activity to law enforcement against them, [or] filed civil litigation against them." (ECF No. 1-1 at PAGEID # 10.) Indeed, Plaintiff's Complaint and attached documents contain no information which the Court could construe as support for the third element of Plaintiff's retaliation claim. Accordingly, because Plaintiff's conclusory allegations once more lack any supporting factual support sufficient to sustain a retaliation claim against any of the Defendants, Plaintiff's Complaint should be dismissed.

For all of these reasons, it is **RECOMMENDED** that Plaintiff's claims be **DISMISSED** in their entirety pursuant to 28 U.S.C. § 1915(e)(2) for failure to state a claim for which relief can be granted.

### III.

For the reasons explained above, it is **RECOMMENDED** that Plaintiff's Complaint be **DISMISSED** in its entirety for failure to state a claim upon which relief can be granted. It is **FURTHER RECOMMENDED** that the Court certify pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith and therefore deny Plaintiff leave to appeal *in forma pauperis*. *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

### PROCEDURE ON OBJECTIONS

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review of by the District Judge and waiver of the right to appeal the judgment of the District Court. Even when timely objections are filed, appellate review of issues not raised in those objections is waived. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . ." (citation omitted)).

**IT IS SO ORDERED.**


**Date:  August 25, 2023**                     /s/ *Elizabeth A. Preston Deavers*
                                                **ELIZABETH A. PRESTON DEAVERS**
                                                **UNITED STATES MAGISTRATE JUDGE**